UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ASSURE GLOBAL, LLC d/b/a WeShield,

                      Plaintiff,

    -against-

AARON ANDERSON and AXXEUM, LLC,

                      Defendants.
---------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Plaintiff Demands a Trial by Jury**

ASSURE GLOBAL, LLC, by and through its attorneys, The Russell Friedman Law Group, LLP, as and for its Complaint against Defendants, Aaron Anderson and Axxeum, LLC (collectively, "Defendants"), allege as follows:

### NATURE OF ACTION

1. This is an action to recover damages incurred by Plaintiff as a result of Defendants' misrepresentations, actions, and inactions, together with reasonable attorney's fees and costs. Recovery is sought against Defendants on grounds of breach of contract, breach of covenant of good faith and fair dealing, fraud, unjust enrichment, respondeat superior, and conversion.

### JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1332(a) in that Plaintiff is domiciled in the State of New York and is registered to do business only in the State of New York; upon information and belief each of the Defendants are domiciled in the State of Pennsylvania and have at no time been domiciled in the State of New York; the amount of controversy exceeds $75,000.00 (Seventy-Five Thousand Dollars).

### VENUE

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events and omissions giving rise to Plaintiff's claims

occurred within New York County, and New York County is within the jurisdiction of the Southern District of New York. Further, Defendants regularly solicited/conducted business within the State and committed numerous tortious act within the State; causing injury to Plaintiff. Additionally, Plaintiff is domiciled within New York County, within the jurisdiction of the Southern District of New York.

## PARTIES

4.	At all times hereinafter mentioned, Plaintiff Assure Global, LLC ("Assure Global" or "Plaintiff"), was and still is a domestic limited liability corporation duly incorporated under the laws of the State of New York located in the County of New York, and trades/conducts business under the name "WeShield".

5.	Upon information and belief and at all times hereinafter mentioned, Defendant Aaron Anderson ("Anderson") is an individual, residing in the State of Pennsylvania.

6.	Upon information and belief and at all times hereinafter mentioned, Defendant Axxeum, LLC ("Axxeum") is domestic limited liability corporation incorporated under the laws of the State of Pennsylvania, of which Anderson is the sole member.

7.	Anderson and Axxeum regularly solicit and/or conduct business through the United States, including the State of New York.

## FACTUAL BACKGROUND

8.	Upon information and belief, Anderson and Axxeum (collectively, hereinafter "Defendants") solicit business from entities within New York, including but not limited to, the transactions set forth herein.

9.	Assure Global trades in personal protection equipment. The circumstances set forth herein transpired during the global Covid-19 pandemic. Specifications must be met in order to ensure the safety of the end users of these items.

10. On November 20th, 2020 Assure Global purchased five hundred thousand "Ammex 6 mil Thick Industrial Nitrile Gloves." (WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

11. This transaction was memorialized by purchase order number P00403 for the amount of $65,000.00. (Attached as Plaintiff's **Exhibit "2"**.)

12. On November 20th, 2020 Axxeum sent Assure Global an invoice for the $65,000.00 reflected on purchase order number P00403. (Attached as Plaintiff's **Exhibit "3".**)

13. On November 24th, 2020 Assure Global sent the $65,000.00 payment to Axxeum via wire transfer. (Attached as Plaintiff's **Exhibit "4"**.)

14. On November 30th, 2020 Whitehorse Freight memorialized a bill of lading for "500,000 ammex gloves." (Attached as Plaintiff's **Exhibit "5"**.)

15. On November 30th, 2020 Whitehorse Freight sent the shipment to Assure Global's designated recipient, Smart Warehousing, as directed on the bill of lading.

16. On November 30th, 2020 Assure Global alerted Anderson that the shipment was missing 160,000 items. (See WhatsApp communication attached as Plaintiff's **Exhibit 1"**.)

17. On November 30th, 2020 Assure Global provided Anderson with the breakdown of items that were actually shipped. (Warehouse receipt attached as Plaintiff's **Exhibit "1"**.).

18. On December 1, 2020 Assure Global informed Anderson of the following: "We had the warehouse stay late last night on overtime to confirm these counts and the products. None of these gloves are 6 mil like we thought they would be. We would like return everything and keep the aurelia robusts since they went out." (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

19. On December 1, 2020 Assure Global alerted Anderson that it was still short 160,000 items. (See WhatsApp communication attached as Plaintiff's **Exhibit "1".**)

20. On December 1, 2020 Anderson agreed to ship the missing 160,000 items. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

21. On December 2, 2020 Assure Global reminded Anderson that he needed to remedy the shortfall in the order. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

22. On December 7, 2020 Assure Global again inquired as to the shortfall in the order. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

23. On December 8, 2020 Assure Global requested a refund of $20,800 represented the shortfall in the order. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

24. On December 10, 2020 Assure Global followed up about the refund. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

25. On December 11, 2020 Anderson requested a shipping address, purportedly to provide Assure Global with the shortfall in the order. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

26. Assure Global relied upon the promise of that order in executing orders from which those items would it turn be resold.

27. From December 15, 2020 to December 21, 2020 Assure Global followed up repeatedly with Anderson. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

28. On December 30th, 2020 Assure Global again requested a refund. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

29. On December 31, 2020, Anderson told Assure Global via telephone that $20,800.00 would be sent via wire transfer that day, which he memorialized in writing. (See WhatsApp communication attached as Plaintiff's **Exhibit "1".**)

30. On January 3, 2021, Assure Global notified Anderson that the $20,800.00 refund was not received. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

31. On January 6, 2021 Anderson wrote as follows: "You will have the cases no later than next Wednesday." (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

32. No further items, no refund, and no further communication was ever provided by Defendants.

33. Assure Global paid Defendants $65,000.00 and received 160,000 less items than agreed upon and memorialized in the purchase order (attached as Plaintiff's **Exhibit "2"**).

34. The items that Assure Global did receive did not conform to the specifications of the purchase order. (See WhatsApp communication attached as Plaintiff's **Exhibit "1"**.)

35. Because of the defective products provided by defendants, Assure Global was able to sell only $7,498.37 of the items that it did actually receive. Deducting this amount from the $65,000.00 Assure Global paid to Defendants results in a balance owed to Assure Global of $57,501.63.

36. In addition, Assure Global had order to resell the 160,000 units it never received from Defendants for 18 cents per unit, which amounts to an additional loss incurred by Assure Global of $28,800.00. Assure Global was unable to fill those orders with the product supplied by Defendants due to the missing and defective units.

37. In order to conduct the warehouse investigation set forth above that resulted from Defendants' actions and omissions, Assure Global incurred overtime labor costs of $720.00 (See warehouse inventory report, attached as **Exhibit "6"**.)

38. Assure Global incurred the additional Whitehorse Freight shipping cost that resulted from Defendants' actions and omission in the amount of $850.00 (See attached as "**Exhibit "7"**.)

39. Defendants' actions and omissions caused the financial losses incurred by Assure Global set forth above in the amount of $87,871.63.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

40. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

41. On or about November 20th, 2020, Defendants and Assure Global entered into a contract whereby Assure Global paid Defendants $65,000.00 in exchange for personal protection equipment. See attached, **Exhibits "1" through "7"**.

42. Assure Global's payment constitutes consideration for Defendants for personal protection equipment that is the subject matter of this litigation.

43. As such, Assure Global's payment fulfilled all of its obligations under its contract with Defendants.

44. The consideration that Defendants were to provide was the personal protection equipment that is the subject matter of this litigation.

45. Defendants did not, and have not, provided the bargained for personal protection equipment that is the subject matter of this litigation.

46. The personal protection equipment that Defendants did send to Assure Global did not conform to the purchase order that was provided prior to payment. (Attached as Plaintiff's **Exhibit "2"**.)

47. Defendants received and deposited Assure Global's payment and are, therefore, in breach of said contract.

48. Assure Global has been monetarily damaged as a result of the breach by Defendants.

49. Assure Global has made repeated demands to Defendants for refund of the payment, which sums still remain due, owing, and unpaid.

50. By reason of the foregoing, Defendants are liable to Assure Global for breach of contract in the amount of $87,871.63, plus costs and interest as allowed by law.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

51. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

52. At all times relevant to this litigation, Defendants were in a contractual relationship with Assure Global and owed Assure Global a duty to act in good faith and deal fairly with Assure Global.

53. Defendants breached that duty by sending non-conforming personal protection equipment, by failing to remedy that deficiency despite written promises, and by failing to refund any of Assure Global's payment despite written promises to do so.

54. Such acts and omissions leading to Defendants' breach of the duty to deal in good faith and fairly with Assure Global were the actual and proximate cause of harm to Assure Global.

55. Defendants' conduct was outrageous, with acts being done with malice or bad motives or reckless indifference to the interests of Assure Global.

56. By reason of the foregoing, Defendants are liable to Assure Global for breach of covenant of good faith and fair dealing in the amount of $87,871.63 plus costs and interest as allowed by law.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Fraud)

57. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

58. Defendants deliberately enticed Assure Global into entering into a contractual relationship in which Defendant was to ship specific goods to Assure Global for a set rate of compensation. Specifically, Defendants, when entering into the business relationship with Assure Global made representations regarding their ability and willingness to provide the specific goods reflected on the purchase order and as agreed by the parties.

59. The representations made by Defendants regarding their ability to provide the specific goods were knowingly false when communicated by Defendants.

60. The representations made by Defendants were made intentionally to deceive Assure Global.

61. Assure Global detrimentally relied upon the representations made by Defendants.

62. Assure Global was harmed as a result of the actions and misrepresentations by Defendants.

63. By reason of the foregoing, Defendants are liable to Assure Global for fraud in the amount of $87,871.63, plus costs and interest as allowed by law.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

64. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

65. Defendants received and deposited payment from Assure Global without providing the specific goods reflected on the purchase order and as agreed by the parties.

66. Assure Global demanded refund of the payment, which was never honored.

67. Defendants have intentionally refused refund of the payment which they unjustly received.

68. Defendants are aware that Assure Global did not receive the specific goods reflected on the purchase order and as agreed by the parties.

69. By reason of the foregoing, Defendants were unjustly enriched and are, therefore, liable to Assure Global for $87,871.63, plus costs and interest as allowed by law.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Respondeat Superior)

70. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

71. Assuming arguendo that Defendant Axxeum, LLC is an actual company and not an alter-ego of Defendant Aaron Anderson, then Axxeum, LLC is vicariously liable for the torts committed by Aaron Anderson set forth herein, as Aaron Anderson acted as an agent of employer Axxeum, LLC.

72. Axxeum, LLC is vicariously liable for the torts committed by Aaron Anderson set forth herein, as Aaron Anderson carried out the duties of his employer Axxeum, LLC.

73. Axxeum, LLC is vicariously liable for the torts committed by Aaron Anderson set forth herein, as Aaron Anderson was duly authorized to carry out the duties of his employer Axxeum, LLC.

74. Axxeum, LLC is vicariously liable for the torts committed by Aaron Anderson set forth herein, as Aaron Anderson acted to further the interests of his employer Axxeum, LLC.

75. By reason of the foregoing, Defendant Axxeum, LLC is liable to Assure Global for $87,871.63, plus costs and interest as allowed by law, plus costs and interest as allowed by law.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Conversion)

76. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

77. Defendants sent Assure Global non-conforming personal protection equipment and failed to remedy that deficiency despite written promises.

78. Defendants have unlawfully failed to issue a refund to Assure Global despite written promises to do so.

79. Defendants are aware that they failed to issue a refund to Assure Global.

80. Defendants are aware that they are wrongfully withholding the funds from Assure Global.

81. Defendants' actions are intentional and deliberate.

82. By reason of the foregoing, Defendants have wrongfully converted the monies of Assure Global and are, therefore, liable to Assure Global for $87,871.63, plus costs and interest as allowed by law, plus costs and interest as allowed by law.

### AS AND FOR A SEVENTH CAUSE OF ACTION

### (Punitive Damages)

83. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

84. Defendants' actions were executed with malice and/or malice aforethought.

85. Defendants' inactions were deliberate and malicious in nature.

86. By reason of the foregoing, Defendants are liable to Assure Global for punitive damages and costs in prosecuting this action in an amount to be determined at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

### (Attorney's Fees)

87. Assure Global repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

88. Based on the actions of Defendants, Assure Global was caused to incur attorney's fees in order to seek remittance of the monies owed.

89. By reason of the foregoing, Defendants are liable to Assure Global for attorney's fees in an amount to be determined at trial but no less than $15,000.00.

RP/D238508/FL3101

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment be entered against Defendants as follows:

(a) on the first cause of action against Defendants for breach of contract in the amount of $87,871.63, together with costs, disbursements and interest as allowed by law;

(b) on the second cause of action against defendants for breach of covenant of good faith and fair dealing in the amount of $87,871.63, together with interest, costs and attorneys' fees, the amount of which will be assessed at trial;

(c) on the third cause of action against defendants for fraud in the amount of $87,871.63, together with interest, costs and attorneys' fees, the amount of which will be assessed at trial;

(d) on the fourth cause of action against defendants for unjust enrichment in the amount of $87,871.63, together with interest, costs and attorneys' fees, the amount of which will be assessed at trial;

(e) on the fifth cause of action against defendants for respondeat superior in the amount of $87,871.63, together with interest, costs and attorneys' fees, the amount of which will be assessed at trial;

(f) on the sixth cause of action against defendants for conversion in the amount of $87,871.63, together with interest, costs and attorneys' fees, the amount of which will be assessed at trial;

(g) on the seventh cause of action against defendants for punitive damages in an amount to be determined at trial;

(h) on the eighth cause of action against defendants for attorney fees in an amount to be determined at trial but no less than $15,000.00 plus interest;

(i) costs and disbursements of this action; and

(j) such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
July 2, 2021

                            Yours, etc.
                            **THE RUSSELL FRIEDMAN LAW GROUP, LLP**

            By:    /s/*Richard Pawelczyk*
                      Richard Pawelczyk

400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
rpawelczyk@rfriedmanlaw.com