```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ASSURE GLOBAL, LLC,                                              :
                                                                 :
                                Plaintiff,                       :
                                                                 :         21-cv-05785 (LJL)
                -v-                                              :
                                                                 :         MEMORANDUM &
AARON ANDERSON ET AL.,                                           :         ORDER
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/13/2023

LEWIS J. LIMAN, United States District Judge:

On April 20, 2023, Plaintiff moved for a default judgment against both Defendants Aaron Anderson and Axxeum, LLC as to the breach of contract claim in its amended complaint. Dkt. No. 44. Defendants did not respond to the motion. The Court held a hearing on the default judgment motion on June 8, 2023. At the conference, counsel for Plaintiff appeared. Anderson also appeared at the hearing without counsel. No counsel appeared for Axxeum. After hearing from Plaintiff and Anderson, the Court stated at the conference that the amended complaint and relevant facts support a default judgment as to the contract claim against Axxeum but did not support Plaintiff's request for an entry of default against Anderson on the contract claim based on an alter ego theory of liability.

However, while facts may support a default judgment against Axxeum, the Court declines to do so at this juncture. "As the Supreme Court long ago recognized, when one defendant defaults in a multi-defendant case, the district court should not enter 'a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause.'" *Peralta v. Roros 940, Inc.*, 2016 WL 1389597, at *1 (E.D.N.Y. Apr. 7, 2016) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "The purpose of this rule is to prevent the 'inconsistent

judicial decrees' that arise if 'a judgment is entered against the defaulting defendant while the non-defaulting defendants are relieved from liability after trial.'" *Peralta v. Roros 940, Inc.*, 2016 WL 1389597, at *1 (E.D.N.Y. Apr. 7, 2016) (quoting *Bleecker v. Zetian Sys.*, Inc., 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013)).  Therefore, where it would be inconsistent to hold some but not all defendants liable on a single claim, "the appropriate course is to defer entering a default judgment on both liability and damages." *Id.* (citing cases).

In this case, it would risk inconsistent judgments to find Axxeum liable based on the allegations in the amended complaint for breach of contract, but to allow Anderson to continue to litigate the claim and potentially prevail on its underlying merits.  Anderson's liability on the breach of contract claim depends, in part, on Axxeum's own underlying liability for the breach of contract claim.  If Axxeum did not act in breach of the contract, then Anderson cannot be liable for the breach as Axxeum's alter ego.  Anderson thus, if allowed to litigate his claim on the merits, would be entitled to challenge the underlying issue whether Axxeum actually breached the insurance policy.  And, if he prevailed on that issue, the judgment against Anderson would be incongruous with any default judgment against Axxeum holding that Axxeum had breached the insurance policy.  This Court therefore finds that a default judgment against Axxeum is premature at this time.

For this reason, the Court directs Plaintiff to inform the Court by June 21, 2023 at 5pm how it should proceed.  Specifically, Plaintiff is directed to inform the Court by that date and time whether it intends to continue to litigate its case against Anderson.

SO ORDERED.

Dated: June 13, 2023
  New York, New York

                                  LEWIS J. LIMAN
                              United States District Judge