```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/11/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ASSURE GLOBAL, LLC,                                               :
:
                     Plaintiff,                          :
:    21-cv-5785 (LJL)
       -v-                                                   :
:    <u>ORDER</u>
AARON ANDERSON ET AL.,                                            :
:
                     Defendants.                         :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Aaron Anderson has requested that the Court request pro bono counsel for purposes of settlement. The request is granted.

      The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

      The Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Anderson for the limited purposes of settlement proceedings in this action. The

Amended Complaint in this action contains claims by Plaintiff Assure Global, LLC ("Plaintiff") bring claims against Anderson and Axxeum, LLC (collectively "Defendants") for breach of contract, breach of covenant of good faith and fair dealing, fraud, unjust enrichment, respondeat superior, and conversion.  Dkt. No. 33.  Plaintiff alleges that it entered into a contract with Axxeum for the purchase of personal protective equipment in November 2020, but that Axxeum's performance of the contract was deficient in amount and kind.  *Id.*  The case has been referred to the Magistrate Judge for settlement purposes.  Dkt. No. 62.  A clerk's certificate of default has been entered against both Defendants.  Dkt. Nos. 20, 21.  Plaintiff has twice moved for a default judgment.  Dkt Nos. 25, 44.  The Court declined to enter a default judgment, finding that while the alleged facts supported a default judgment against Axxeum, they did not support a default judgment against Anderson based on an alter ego theory of liability.  Dkt. No. 50 at 1.  Plaintiff did not allege sufficient facts to render Anderson liable on such a theory.  The Court invited Plaintiff to indicate whether it still intended to pursue a claim against Anderson at the expense, if it did so, then the default judgment against Axxeum would be premature.  *Id.* at 2.  Plaintiff has since indicated that it intends to pursue the claim against Anderson, Dkt. Nos. 51, 55, but both Anderson (who claims not to have been aware of the fact that the Amended Complaint contained allegations against him personally) and Plaintiff have indicated receptivity to having settlement discussions.  The Court finds that it is consistent with Section 1915 to request counsel for Anderson solely for purposes of settlement.

      Counsel will file a Notice of Limited Appearance as Pro Bono Counsel for Anderson.  At this time, pro bono counsel will not be obligated for any aspect of Anderson's representation beyond this purpose.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Anderson's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Court advises Anderson that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Anderson. If an attorney volunteers, the attorney will contact Anderson directly to determine if each party (Anderson and counsel) desire to go forward with the representation. There is no requirement on the part of Anderson to retain the counsel who has volunteered. By the same token, however, there is no guarantee that a volunteer attorney will decide to take the case even if an attorney agrees to contact Anderson for the purpose of discussing potential representation and plaintiff should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated: September 11, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge