UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASSURE GLOBAL, LLC,

                 Plaintiff,

-v-                                       CIVIL ACTION NO. 21 Civ. 5785 (LJL) (SLC)

AARON ANDERSON, et al.,                **ORDER**

                 Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

In this action, Plaintiff Assure Global, LLC ("Assure") alleged, inter alia, that Defendants Aaron Anderson and Axxeum, LLC (together, "Defendants") breached a contract the parties had entered into regarding the purchase and sale of nitrile gloves. (See ECF Nos. 1, 33, 74). Defendants defaulted, and on January 16, 2025, the Honorable Lewis J. Liman issued an order granting Assure's Third Motion for Default Judgment (the "Third MDJ") as to liability but denying as to damages. (ECF No. 81 (the "Jan. 16 Order")). In the Jan. 16 Order, Judge Liman observed that "[t]he bulk of [Assure's] damages claim [was] legally deficient" and identified three specific defects that prevented the Court from "calculat[ing] damages with reasonable certainty." (Id. at 17). They were:

1. Assure's improper claim that it "should receive back the full price it paid for all of the gloves it did not receive and of the inferior gloves it received and failed to resell, without accounting for any of the value of the inferior gloves it accepted but failed to resell." (Id. at 16–17) (emphasis added).

2. Assure's double counting of "the $20,800 [it] paid [to cover] the 160,000 gloves it

1

> never received." (Id. at 17).
>
> 3. Assure's request for attorneys' fees that failed to identify any statute or contractual provision permitting recovery. (Id.)

Following the Jan. 16 Order, Judge Liman referred this matter to the undersigned to conduct an inquest as to damages (see ECF No. 82).

Pursuant to the Order of Reference, the undersigned directed Assure to submit "proposed findings of fact and conclusions of law concerning damages (the "Damages Submission") no later than **Monday, March 3, 2025**." (ECF No. 84). The Court reminded Assure that it "must support all factual assertions [in the Damages Submission] by affidavit and/or other evidentiary material" and highlighted the portion of the Jan. 16 Order that identified the defects in Assure's Third MDJ. (Id.)

On February 27, 2025, Assure filed the Damages Submission. (ECF No. 85). We have reviewed the Damages Submission and are struck by Assure's perfunctory—at best—effort to address the defects Judge Liman identified and of which we reminded it. For instance, rather than accepting Judge Liman's (1) holding that Assure had misapplied the law and (2) invitation to submit evidence regarding the value of the nonconforming gloves it accepted, Assure offers the Court only the unadorned, unsupported statement that the nonconforming gloves "are worthless." (ECF No. 85-1 ¶ 35). Not only is this statement lacking in evidentiary support, it does not pass the smell test—Assure would not have accepted the nonconforming goods if they were truly "worthless."

As to the second defect, even if we were to ignore Assure's double counting, Assure has not provided any evidence for its claim for damages. The extent of the evidence that

2

Assure provides regarding the damages it claims to have suffered under a "cover" theory is a single paragraph of an affidavit stating that it "was required to order from another vendor to resell the 160,000 units it never received from Defendants for [five cents more] per unit[.]"  (ECF No. 85-1 ¶ 27).  Assure has not identified the vendor or the date on which it made this purchase, let alone submitted any invoices or purchase orders to substantiate this claim for damages.[1]

Finally, Assure does not even attempt to address Judge Liman's concern regarding attorneys' fees, which he correctly noted are not available as to breach of contract claims "except where expressly provided by statute or contract."  (ECF No. 81 at 17) (citing Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc., 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005)).  Despite this clear guidance, Assure has renewed its request for attorneys' fees without identifying any statute or contractual provision in support of its request.

Accordingly, we find ourselves in a similar position to Judge Liman on January 16: "unable to calculate damages with reasonable certainty."  (See ECF No. 81 at 17).  Cognizant of our duty to "take the necessary steps" to do so, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997), we afford Assure one final opportunity to supplement its Damages Submission in accordance with these instructions by **Friday, May 16, 2025.**  Assure is directed to serve a copy of this Order and their supplemental Damages Submission, if any, on Defendants by the same date and to closely consider both the Jan. 16 Order and this Order before making any such submission.  Assure shall file proof

---

[1] We do not belabor the point but note that the evidentiary insufficiencies just described extend to almost every type of relief Assure seeks, perhaps with the exception of costs, in support of which it has filed receipts and invoices.  (See ECF Nos. 85-2 – 85-4).

3

of service on the docket by **Friday, May 16, 2025**, and Defendants shall file any response by **Friday, May 30, 2025**.

If Defendants (1) fail to respond to Assure's supplemental Damages Submission, or (2) fail to contact my chambers by **Friday, May 30, 2025** and request an in-court hearing, I intend to issue a report and recommendation concerning damages based on Assure's written submissions alone without an in-court hearing. See Transatlantic, 109 F.3d at 111 ("'It [is] not necessary for the district court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'") (quoting Fustok v. Conticommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Dated:   New York, New York
         May 1, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4